# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**VERA PONDEXTER**                                                                                      **PLAINTIFF**

**V.**                                                        **NO. 3:16-CV-65-DMB-RP**

**WAL-MART STORES EAST, LP, and**
**WAL-MART STORES, INC.**                                                   **DEFENDANTS**

## ORDER DENYING MOTION FOR VOLUNTARY DISMISSAL

This personal injury action is before the Court on Vera Pondexter's motion for dismissal without prejudice. Doc. #27. Because dismissal without prejudice would cause plain legal prejudice to the defendants in this action, the motion will be denied.

## I
## Procedural Background

On February 25, 2016, Vera Pondexter filed suit in the Circuit Court of Panola County, Mississippi, against Wal-Mart Stores East, LP, and Wal-Mart Stores, Inc. (collectively, "Wal-Mart"). Doc. #2. Pondexter asserts a claim for negligence arising out of her slip and fall at a Wal-Mart store in Batesville, Mississippi, and seeks damages for medical expenses, lost earnings, physical injury, emotional trauma, and pain and suffering. *Id.* at ¶¶ 5–9, 14–23, 25–28. Wal-Mart filed a notice of removal in this Court on March 31, 2016, alleging diversity jurisdiction. Doc. #1 at ¶ 12–13. Wal-Mart answered the state court complaint on April 5, 2016. Doc. #4.

On May 16, 2016, United States Magistrate Judge S. Allan Alexander issued a case management order setting, among other things, the expert designation deadline as October 3, 2016, for Pondexter and as November 3, 2016, for Wal-Mart; the discovery deadline as January 3, 2017; and the deadline for dispositive and Daubert motions as January 17, 2017. Doc. #14. On September 29, 2016, Judge Alexander, on Wal-Mart's unopposed motion, extended the experts designation

deadline to November 2, 2016, for Pondexter and to December 2, 2016, for Wal-Mart. Doc. #23. Pondexter filed "Plaintiff's Expert Designation Pursuant to Rule 26(A)(2) of the Federal Rules of Civil Procedure" on October 31, 2016. Doc. #24. On December 2, 2016, Wal-Mart filed its "Notice of Service of Designation of Expert Witnesses." Doc. #25.

On December 5, 2016, Pondexter filed a "Notice of Voluntary Dismissal without Prejudice Pursuant to Miss. Fed. R. Civ. P. 41(a)(1)." Doc. #26. The same day, Pondexter filed a "Motion for Voluntary Dismissal without Prejudice Pursuant to Miss. Fed. R. Civ. P. 41(a)(1). Doc. #27. On December 7, 2016, Wal-Mart filed both an initial response in opposition to Pondexter's motion for voluntary dismissal and an amended response. Doc. #28; Doc. #29. Pondexter replied on December 12, 2016. Doc. #30. Wal-Mart filed a second amended response on January 4, 2017. Doc. #39.

On January 17, 2017, Wal-Mart filed a motion for summary judgment. Doc. #40. Pondexter responded in opposition to the summary judgment motion on January 30, 2017, and Wal-Mart replied on February 6, 2017. Doc. #42; Doc. #43.

## II
## Analysis

Rule 41(a)(2) provides that where, as here, an opposing party has served an answer or a motion for summary judgment and no joint stipulation of dismissal has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Decisions to grant dismissal under Rule 41(a)(2) fall within the discretion of the district court. *U.S. ex rel. Doe. v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

"[T]here is no single formula for balancing a court's discretion on a Rule 41(a)(2) determination." *Oxford v. Williams Cos., Inc.*, 154 F.Supp.2d 942, 951 (E.D. Tex. 2001). However, "[m]otions for voluntary dismissal generally should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Test*

2

*Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, 799 F.3d 437, 448 (5th Cir. 2015) (internal quotation marks omitted). To determine the existence of plain legal prejudice, the Fifth Circuit has cited with approval a four-factor test from the Eighth Circuit under which a court considers: "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 n.3 (5th Cir. 2002) (quoting *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)). In addition to these factors, the Fifth Circuit has considered whether dismissal would cause the non-movant to be stripped of an otherwise available defense, *Phillips v. Ill. Cent. R.R.*, 874 F.2d 984, 987 (5th Cir. 1989); and whether the dismissal is sought "after an adverse trial court ruling," *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).

### A. Defendants' Effort and Expense

"Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360–61 (5th Cir. 1990). Wal-Mart, arguing that this case is over a year old, that discovery has been completed, and that a motion for summary judgment has been filed, submits that it has expended significant time and effort in litigating this action. Doc. #29 at 5. Pondexter does not dispute this claim but contends that "it does not obligate this Honorable Court to deny the underlying motion for voluntary dismissal." Doc. #30 at 5.

Because it is undisputed that Wal-Mart has expended significant effort and expense in defending this action, the Court concludes this factor weighs against allowing voluntary dismissal.

3

### B. Excessive Delay and Lack of Diligence

Under the second factor, "the court must look at whether the plaintiff has demonstrated *excessive* delay and lack of due diligence in prosecuting this action as a whole." *Hisler v. Gallaudet Univ.*, 344 F.Supp.2d 29, 38 (D.D.C. 2004) (internal quotation marks omitted, emphasis in original). Here, Wal-Mart has identified no excessive delay or lack of due diligence on the part of Pondexter in prosecuting this action. Accordingly, this factor weighs in favor of voluntary dismissal.

### C. Insufficient Explanation

Pondexter has offered no explanation for the dismissal she seeks. This factor weighs against voluntary dismissal.

### D. Filing of Motion for Summary Judgment

While a pending motion for summary judgment ordinarily weighs against granting a motion for voluntary dismissal, "motions for summary judgment filed after the motion for voluntary dismissal are insufficient to support a finding of prejudice." *Hisler*, 344 F.Supp.2d at 39. Here, Wal-Mart filed its motion for summary judgment after Pondexter filed her motion for voluntary dismissal. Accordingly, this factor is neutral.

### E. Available Legal Defenses and Adverse Ruling

Finally, there is no contention that dismissal would strip Wal-Mart of an available legal defense. Additionally, Pondexter has not suffered an adverse ruling in this Court. Accordingly, the remaining two factors weigh in favor of dismissal.

### F. Balancing

In consideration of the relevant[1] factors, particularly Wal-Mart's effort and expense dedicated

---

[1] In addition to the factors above, Wal-Mart argues that dismissal would cause it legal prejudice by allowing Pondexter "to preview Wal-Mart's defense, have her case dismissed, and then get a proverbial 'second bite at the apple.'" Doc. #29 at 6. However, an argument that dismissal will result in a plaintiff obtaining "some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal." *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 178 (5th Cir.

to this litigation and Pondexter's failure to identify a reason for dismissal, the Court concludes that dismissal would cause Wal-Mart legal prejudice. *See Hartford*, 903 F.2d at 360–61(legal prejudice may be found based on effort and expense alone when dismissal sought at late stage of litigation). Accordingly, the motion for voluntary dismissal will be denied.

## III
## Conclusion

For the reasons above, Pondexter's motion for voluntary dismissal [27] is **DENIED**.

**SO ORDERED**, this 17th day of April, 2017.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

1990); *see Marion ex rel. Nabors v. Holly Springs Health Ctr. Ass'n, Inc.*, No. 3:05-cv-006, 2005 WL 1661727, at *2 (N.D. Miss. Jul. 15, 2005) ("A denial of a motion for voluntary dismissal under Rule 41(a)(2) without prejudice is not warranted merely because a plaintiff might attain a tactical advantage.").