IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**VERA PONDEXTER**                                                                                           **PLAINTIFFS**

**V.**                                                                                    **NO. 3:16-CV-65-DMB-RP**

**WAL-MART STORES EAST, LP; and**
**WAL-MART STORES, INC.**                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This personal injury action brought by Vera Pondexter is before Court on the motion for summary judgment filed by Wal-Mart Stores East, LP, and Wal-Mart Stores, Inc. Doc. #40.

**I**
**Procedural History**

On February 25, 2016, Vera Pondexter filed suit in the Circuit Court of Panola County, Mississippi, against Wal-Mart Stores East, LP, and Wal-Mart Stores, Inc. (collectively, "Wal-Mart"). Doc. #2. Pondexter asserts a claim for negligence arising out of her slip and fall at a Wal-Mart store in Batesville, Mississippi, and seeks damages for medical expenses, lost earnings, physical injury, emotional trauma, and pain and suffering. *Id*. at ¶¶ 5–9, 14–23, 25–28. Wal-Mart filed a notice of removal in this Court on March 31, 2016, alleging diversity jurisdiction. Doc. #1 at ¶ 12–13. Wal-Mart answered the state court complaint on April 5, 2016. Doc. #4.

On May 16, 2016, United States Magistrate Judge S. Allan Alexander issued a case management order setting, among other things, the expert designation deadline as October 3, 2016, for Pondexter and as November 3, 2016, for Wal-Mart; and the deadline for dispositive and Daubert motions as January 17, 2017. Doc. #14. On September 29, 2016, Judge Alexander, on Wal-Mart's unopposed motion, extended the expert designation deadline to November 2,

2016, for Pondexter and to December 2, 2016, for Wal-Mart. Doc. #23. Pondexter filed "Plaintiff's Expert Designation Pursuant to Rule 26(A)(2) of the Federal Rules of Civil Procedure" on October 31, 2016. Doc. #24. On December 2, 2016, Wal-Mart filed its "Notice of Service of Designation of Expert Witnesses." Doc. #25.

On December 5, 2016, Pondexter filed a "Notice of Voluntary Dismissal without Prejudice Pursuant to Miss. Fed. R. Civ. P. 41(a)(1)." Doc. #26. The same day, Pondexter filed a "Motion for Voluntary Dismissal without Prejudice Pursuant to Miss. Fed. R. Civ. P. 41(a)(1). Doc. #27. On December 7, 2016, Wal-Mart filed both an initial response in opposition to Pondexter's motion for voluntary dismissal and an amended response. Doc. #28; Doc. #29. Pondexter replied on December 12, 2016. Doc. #30. Wal-Mart filed a second amended response on January 4, 2017. Doc. #39.

On January 17, 2017, Wal-Mart filed the instant motion for summary judgment. Doc. #40. Pondexter responded in opposition to the summary judgment motion on January 30, 2017, and Wal-Mart replied on February 6, 2017. Doc. #42; Doc. #43. On April 17, 2017, this Court issued an order denying Pondexter's motion for voluntary dismissal. Doc. #46.

## II
## Summary Judgment Standard

"Summary judgment is proper only when the record demonstrates that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Luv N' Care Ltd. v. Groupo Rimar*, 844 F.3d 442, 447 (5th Cir. 2016). "A factual issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party and material if its resolution could affect the outcome of the action." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 226 (5th Cir. 2015) (internal quotation marks omitted). On a motion for summary judgment, a court must "consider the evidence in the light most favorable to

the nonmoving party and draw all reasonable inferences in its favor." *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016).

In seeking summary judgment, "[t]he moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (internal quotation marks and alterations omitted). If the moving party satisfies this burden, "the non-moving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks omitted). "Where the nonmoving party bears the burden of proof at trial, the moving party satisfies this initial burden by demonstrating an absence of evidence to support the nonmoving party's case." *Celtic Marine Corp. v. James C. Justice Cos., Inc.*, 760 F.3d 477, 481 (5th Cir. 2014).

### III
### Analysis

In her complaint, Pondexter asserts a single claim for negligence arising from her slip and fall. *See* Doc. #2. Wal-Mart argues that Pondexter lacks sufficient expert evidence to prove causation, a necessary element of a negligence claim. Doc. #41 at 3–4.

Under Mississippi law,[1] "[p]laintiffs must, in order to recover on a negligence claim, demonstrate that the defendant breached a particular duty owed to the plaintiff, and that the breach of duty proximately caused damages." *Mitchell v. Ridgewood E. Apartments, LLC*, 205 So.3d 1069, 1074 (Miss. 2016) (internal quotation marks omitted). "In order for an act of

---

[1] It is axiomatic that in a diversity case, courts apply the substantive law of the forum state. *Dey v. State Farm Mut. Auto. Ins. Co.*, 789 F.3d 629, 632 (5th Cir. 2015). State substantive law includes the "general kind of evidence necessary to establish a particular state law cause of action." *Wackman v. Rubsamen*, 602 F.3d 391, 400 n.2 (5th Cir. 2010) (emphases omitted).

negligence to proximately cause … damage, the fact finder must find that the negligence was both the cause in fact and legal cause of the damage." *Glover ex rel. Glover v. Jackson State Univ.*, 968 So.2d 1267, 1277 (Miss. 2007). "[T]he cause in fact of an injury is that cause which, in natural and continuous sequence unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred." *Id.* (internal quotation marks omitted). "[N]egligence which is found to be the cause in fact of a plaintiff's damage will also be the legal cause of that damage, provided the damage is the type, or within the classification, of damage the negligent actor should reasonably expect (or foresee) to result from the negligent act." *Id.* Causation may be shown by circumstantial evidence "but this rule is qualified to the extent that the circumstances shown must be such as to take the case out of the realm of conjecture and place it within the field of legitimate inference." *Estate of Gibson ex rel. Gibson v. Magnolia Healthcare, Inc.*, 91 So.3d 616, 625 (Miss. 2012).

In the memorandum accompanying its motion, Wal-Mart—citing *Patterson v. Radioshack Corp.*, 268 F. App'x 298, 302 (5th Cir. 2008); and *Black v. Food Lion, Inc.*, 171 F.3d 308, 314–15 (5th Cir. 1999)—argues that Pondexter cannot establish the causation element because Pondexter "has not presented any factual support (other than her own allegations) for the element of causation." Doc. #41 at 3–4. Wal-Mart contends that Pondexter, "who is not an expert[,] is not competent to offer testimony that the fall at Wal-Mart caused her alleged injuries." *Id.* at 3.

In a recent opinion, United States District Judge Carlton W. Reeves held that the authority relied on by Wal-Mart (*Patterson* and *Food Lion*) does not, under Mississippi law, require "that the element of causation in a slip-and-fall case or in a claim of negligence more generally can only be proven by an expert's report or through the entry of expert testimony."

*Barwick v. Wal-Mart Stores, Inc.*, No. 3:16-cv-77, 2017 WL 777601, at *1–2 (S.D. Miss. Feb. 24, 2017). Accordingly, Judge Reeves held that, where, as here, a defendant seeks summary judgment by citing *Patterson* and *Food Lion* for the proposition that expert testimony is required to establish causation, such defendant fails to meet its summary judgment burden. *Id*. at *2.

Judge Reeves is correct that neither *Patterson* nor *Food Lion* requires expert testimony to establish causation or, relatedly, prohibit a plaintiff from testifying on the issue of causation. *Patterson*, a slip and fall case, merely held that a plaintiff, "who is not a medical expert, cannot simply offer evidence that because injuries arose after an act of negligence that act of negligence is the cause in fact for those injuries." 268 F. App'x at 302. This is simply a restatement of the black letter Mississippi rule that "*[p]ost hoc ergo propter hoc*, without more, does not qualify under anyone's causal standard." *Jackson v. Swinney*, 140 So.2d 555, 557 (Miss. 1962). *Food Lion*, which applied Texas law, not Mississippi law, clearly does not support Wal-Mart's position. *See* 171 F.3d at 310.

Contrary to Wal-Mart's contention in its motion, expert testimony generally is not required in non-medical negligence cases such as this. *Cleveland v. Hamil*, 119 So.3d 1020, 1024 (Miss. 2013). However, "[u]nder Mississippi law, actions involving 'medically complicated' injuries require expert testimony on causation." *Savage v. Pilot Travel Ctrs. L.L.C.*, 464 F. App'x 288, 290 (5th Cir. 2012); *Dreher v. State Farm Mut. Auto. Ins. Co.*, No. 1:15-cv-23 2016 WL 830052, at *3 (S.D. Miss. Mar. 3, 2016) (citing *Berry v. Sw. Airlines, Co.*, 3:07-cv-305, 2008 WL 3874368, at *2 (S.D. Miss. Aug. 15, 2008)). An injury or condition is "medically complicated" when its cause cannot be understood with common sense. *See Savage*, 464 F. App'x at 291 ("Injuries being caused by automobile accidents ... may be understood with only common sense, therefore expert testimony is unnecessary for causation.") (internal

quotation marks omitted).

As explained by Judge Reeves, a "defendant may not shift the [summary judgment] burden to [the plaintiff] through simple misstatement of law." *Barwick*, 2017 WL 777601, at *2. Furthermore, "it is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000) (internal brackets omitted). In its motion, Wal-Mart does not address the issue of medical complexity and does not attempt to show how any of the damages asserted by Pondexter are complex so as to require expert testimony.[2] Rather, as in *Barwick*, Wal-Mart simply states, incorrectly and in conclusory fashion, that expert testimony is required to show causation and that Pondexter has no such testimony. *See* Doc. #41 at 4 ("Plaintiff herein has no admissible expert testimony demonstrating to a reasonable degree of medical probability that the fall at Wal-Mart caused her alleged injuries. Moreover, Plaintiff cannot prove that her alleged injuries were proximately caused by the alleged accident."). Under these circumstances, the Court concludes that Wal-Mart has failed to meet its initial summary judgment burden.[3]

## IV
## Conclusion

For the reasons above, Wal-Mart's motion for summary judgment [40] is **DENIED**.

**SO ORDERED**, this 17th day of April, 2017.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[2] Wal-Mart addresses the issue of complexity in its reply. However, a party "may not raise new grounds for summary judgment in [its] reply brief." *Alcan Aluminum Corp. v. BASF Corp.*, 133 F.Supp.2d 482, 499 n.11 (N.D. Tex. 2001).

[3] Even had Wal-Mart met its initial burden, summary judgment would still be inappropriate. Pondexter seeks to recover for pain in her hand, hip, and shoulder, which she suffered immediately after falling on her back. Doc. #2 at ¶¶ 25, 27 (seeking medical expenses and pain and suffering); Doc. #42-1 at 57–61. Such damages may be understood with common sense and do not, therefore, require expert testimony. *See Savage*, 464 F. App'x at 291.